**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**THEOPHILUS HYMAN,**
    Plaintiff,

vs.                                                                       **Case No. 3:07cv179/MCR/MD**

**JOHN DOE, et al.,**
    Defendants.

___

## REPORT AND RECOMMENDATION

The pro se plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 in the Middle District of Florida, and the case was transferred to the Northern District of Florida for all further proceedings. On May 3, 2007 this court directed plaintiff to either file an application to proceed *in forma pauperis* or pay the full $350.00 filing fee within thirty days (doc. 8). Plaintiff filed an application to proceed *in forma pauperis*, which was found to be deficient, and was given twenty days to show cause why his case should not be dismissed for failure to comply with an order of the court (doc. 9). Plaintiff then filed a second application to proceed *in forma pauperis* which was again found to be deficient and he was given an additional thirty days to correct the deficiency (doc. 12). While plaintiff filed other documents with the court, he continued to neglect his obligation to correct his *in forma pauperis* application or pay the filing fee. Accordingly, on July 16, 2007, plaintiff was ordered to show cause why this cause should not be dismissed for his continued failure to comply with an order of the court (doc. 16). To date, plaintiff has failed to remedy this situation or explain his inability to do so.

**Accordingly, it is respectfully RECOMMENDED:**

**That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to prosecute and failure to comply with an order of the court.**

**DONE AND ORDERED this 22nd day of August, 2007.**

/s/ *Miles Davis*
       **MILES DAVIS**
       **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** ***United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**